UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

FORT WAYNE DIVISION

|  |  |
|---|---|
| DAVID MACY,<br><br>       Plaintiff,<br><br>    v.<br><br>USAA SAVINGS BANK,<br><br>       Defendant. | Case No. 1:18-cv-357<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*; and<br>2. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, David Macy ("Plaintiff"), by and through his attorneys, alleges the following against USAA Savings Bank ("Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in the Churubusco, Whitley County, Indiana.

6. Defendant is a national banking institution with its principal place of business located at 10750 McDermott Freeway, San Antonio, Texas 78288-9876.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. In or around May 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on his cellular phone number ending in 4460.

9. Defendant called Plaintiff from the (800) 531-0378 and (800) 531-7013.

10. Upon information and belief, Defendant owns and operates the phone numbers.

11. On or about May 22, 2018, at 5:34 p.m., Plaintiff received a call on his cell phone from (800) 531-0378. During this conversation, Plaintiff spoke with a representative; at which point Plaintiff unequivocally revoked consent to be contacted any further.

12. Despite revoking consent Plaintiff continued to receive phone calls from Defendant.

13. On or about June 8, 2018, at 5:16 p.m., Plaintiff received a call on his cell phone from (800) 531-7013. During this call Plaintiff spoke with a representative named Priscila, and once again unequivocally requested not to be contacted on his cell phone any further.

14. Despite Plaintiff's pleas, Defendant continued to call Plaintiff on his cell phone without consent.

15. Between May 22, 2018, 2018 and July 5, 2018, Defendant willfully called Plaintiff on his cellular phone approximately eighty-five (85) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

16. Upon information and belief, each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

17. Defendant called Plaintiff up to four (4) times a day, further indicating the use of an automatic telephone dialing system.

18. For example, on June 14, 2018, Defendant called at 8:29 a.m., 11:30 a.m., 12:50 p.m., and 7:28 p.m.

19. On many occasions, Defendant also left pre-recorded or artificial voice messages for Plaintiff, including but not limited to, June 11, 2018 and June 12, 2018.

20. Plaintiff works as a tool and die maker working twelve (12) hour shifts; he works primarily from 5pm until 5 am.

21. The majority of the calls that Plaintiff received were in the morning or early afternoon while Plaintiff was sleeping, however he also received calls while he was working.

22. Due to Defendant's actions, Plaintiff has suffered emotional distress, sleepless nights, invasion of privacy, and actual damages.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

23. Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) of this Complaint as though fully stated herein.

24. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent

part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

25. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

### (Intrusion Upon Seclusion)

27. Plaintiff incorporates by reference paragraphs one (1) through thirty-six (26) of this Complaint as though fully stated herein.

28. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b.    The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

    c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

    d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff David Macy, respectfully requests judgment be entered against Defendant USAA Savings Bank for the following:

31.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

32.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

33.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

34.    Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 1st day of November 2018.

                                        **PRICE LAW GROUP, APC**

                                        By:/s/ *David A. Chami*
                                        David A. Chami, Esq. (AZ #027585)
                                        8245 N 85th Way
                                        Scottsdale, AZ 85258

T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*David Macy*